320163 David Sampson Appellant v. Prairie Farms Dairy, Inc. Ms. Sohail, is that how you pronounce your name? It is, Your Honor. Are you ready to speak? I am, Your Honor. May it please the Court, Counsel. Your Honor, Hania Sohail representing the appellant, David Sampson, in this matter. There are two issues that we have raised on the appeal. The first issue is whether the defendant was judicially stopped or is judicially stopped in claiming in the circuit court that plaintiff was barred from pursuing a common law cause of action when defendant in the underlying workers' compensation matter has taken the stance that plaintiff injuries did not arise out of or was during the course of his employment with the respondent and the injury was not otherwise compensable. The second issue that we have raised on our appeal is the exclusive remedy that has been employed in Illinois Workers' Compensation Act does not apply to the facts of the present case. Brief procedural history, Your Honor. Plaintiff was working for the employer at the time of the accident in mid-May of 2018. Plaintiff was injured when he was operating a machine that was unreasonably unsafe. Plaintiff initially filed an application for adjustment of claim at Illinois Workers' Compensation Commission. After the application was filed, plaintiff received correspondence from counsel who also represented the respondent in the underlying workers' compensation case. The correspondence that we received essentially indicated, and I will summarize that for you and code that for you, Mr. Sampson's action took him beyond the course and scope of his employment. Accordingly, Prairie Farms Dairy is denying that this is a compensable workers' compensation claim. After we received that correspondence, Your Honor, I requested clarification as to why they believe that the injuries is not a compensable workers' compensation claim. And I received subsequent correspondence from the respondent indicating your client reached into a machine which was still operating, contrary to Prairie Farms Dairy work rules and contrary to explicit instructions given to your client. Your client's actions took him beyond the scope and course of his employment, so that is why my client is denying this as being a compensable claim. Apart from the two correspondence, counsel filed various pleadings in workers' compensation case wherein they indicated that plaintiff's injuries did not arise out of or was during the course of plaintiff's employment with a respondent. With a denial like that, where they're claiming this is not a workers' compensation case, we proceeded forward with filing a complaint at the Furrier County 3rd District. After our complaint was filed, defendant filed a motion to dismiss our complaint based on the fact that they were claiming that there is an affirmative defense, that the exclusive remedy at Illinois Workers' Compensation Commission and Illinois Workers' Compensation Act will bar us from pursuing the case. When a motion to dismiss was filed, I filed a motion to strike. The basis of the motion to strike was based in judicial estoppel. I indicated that defendant has previously taken a position in the underlying workers' compensation case where they are indicating that plaintiff's injuries did not arise out of or was during the course of plaintiff's employment with a respondent. Based on that, this is not a compensable workers' compensation case. Now, they cannot turn around and say, no, this is a compensable workers' compensation case. We just would not compensate your client. We had hearings on both motions to dismiss and motion to strike. Judge Reisinger did grant motion to dismiss that was filed by the defendant. Ms. Sohail, isn't one of the elements for judicial estoppel that they have received a benefit in the other form? It is, Your Honor. Well, your case is still pending, isn't it, in the Industrial Commission? It is currently pending, Your Honor. All right. Well, they haven't received a benefit yet, have they? They have, Your Honor. By not paying the client, they have received the benefit. By denying the case, by not paying anything to the client, that would be the benefit. Well, it hasn't been formally adjudicated in the Industrial Commission, and including the TTD benefits would be a part of the final decision that would be made here, wouldn't it? It would be, Your Honor. But if an injured party files their workers' compensation case under the Protections of Illinois Workers' Compensation Act, the respondent is to pay them workers' compensation benefits. Their denial in work comp is not based on the fact that this never happened. They agree that this happened, but they're... Couldn't you and couldn't you have litigated in front of the Industrial Commission your clients' rights to TTD benefits? I apologize, Your Honor, I didn't... Could you not have litigated in front of the Industrial Commission your clients' rights to the TTD benefits that were denied? It is not litigated, Your Honor. I know it hasn't been, but I mean, you could have, couldn't you? We could have, Your Honor, but... Okay, you can answer. Thank you. No problem, Your Honor. Your Honor, the counsel in this case indicates with regards to the injury that happened, and they cite the case of Sanders. And they say that just like in this case, in case of Sanders, the safety violation is of that nature, that the safety violation makes the injury not to be arising out of or during the course of the employment. And that's the exact same position they have taken in the underlying workers' compensation case. Now they cannot come back and say, you know what, this work comp has jurisdiction, this is a workers' compensation case, after they have denied it. I think we argued judicial estoppel via motion to strike. I think the Honorable Judge Riesinger, because it was argued, should have evaluated if the elements of the judicial estoppel has been presented, and should have, in his decision, indicated if judicial estoppel in this matter would bar the defendant from now claiming exclusive remedy. I mean, they have taken, via multiple pleadings, two very different positions. In the workers' compensation case, they claim injury is not, did not arise out of, and was not in the course of the employment. Now they're claiming no, exclusive remedy applies, because exclusive remedy says you can only receive a benefit from your employer in the comp case, and if you have done it in the comp case, you cannot make a recovery in the civil case. There are four provisions in Illinois law that says you can escape the exclusive remedy of Illinois Workers' Compensation Act, and those four positions, first position is, the injury did not arise out of the course of the employment. And that is exactly what they are claiming, that the injury did not arise out of, or was during the course of the employment. If they would have said, all right, he injured himself at work, which there is no dispute, they would have paid him his benefits, they would have then not reaped the benefits. But right now, they did reap a benefit because they said his actions took him beyond the course of his employment, his injury did not arise out of the employment. Judicial... Ms. Sohail, is that, their declaration, their, you know, defense of the workers' comp case, are you saying that that then is, prohibits the Industrial Commission from adjudicating the matter? Are you saying that you don't think that the Industrial Commission can say, you know, Prairie Farms, thank you for your argument, but we don't agree that this is beyond the scope of the employment? I mean, it appears as if you think their denial precludes it from being properly in front of the Industrial Commission. No, Your Honor. The Industrial Commission can still make an independent finding and say, we don't believe this is a safety violation. We don't believe that even if it was a safety violation, it took him beyond the course of his employment with the respondent. That being said, however, we are able to file, there is nothing barring petitioner from filing a workers' compensation case, as long as he's not compensated. In this matter, he is not compensated. We can file a civil case, and there are multiple case laws cited both in plaintiff and defendant's brief that say, you can't just collect the benefits out of the two cases. You're stopped from doing that. However, you can file, plaintiff is allowed to file a common law action, and is also allowed to file a workers' compensation action, as long as plaintiff doesn't receive benefits out of both of them. And plaintiff has not received any benefit out of either one of them, so the exclusive remedy provision in this particular case does not apply. I understand what you're saying, as long as they have not made a determination of any, he's not received any TTD, he's not had any medical benefits, nothing at this point. So your argument is that you can take a dual track until there is a determination made, one way or the other, and then something has to be, you can't recover both. That's right, Your Honor. And Your Honor, that is exactly the dual track respondent has taken. They can't just go ahead and deny people for work injury, and then not think that plaintiff has a cause of action in civil case, because in this case, plaintiff does. The exclusive remedy provision is pretty clear, and it lays out four exceptions, which is, again, injury did not arise out of, it wasn't in the course of, it was otherwise not compensable. And in this case, all four ways, we can escape the exclusive remedy provision. I do want to focus a little bit on the FOLTA case, which is what Judge Reisinger basically noted in denying plaintiff complaint and in granting the motion to dismiss. And what the FOLTA case, you have to look at the FOLTA case, the FOLTA case only deals with the last exception of the exclusive remedy. It only talks about whether this would be the kind of injury that would be otherwise compensable. It also points out that this is not the test for if the injury did not arise out of and was not sustained during the course of the employment. It's only focused on, is it the kind of injury that would have been compensable? And FOLTA case was very different than the facts of the present case. In FOLTA case, plaintiff was barred by statute of repose. In this particular case, plaintiff filed the case. In fact, it's still pending, but plaintiff is not trying to backdoor a remedy after missing a statute limitation into the civil case. Plaintiff is saying, I have a right to file this case because the respondent by their own admission in the workers' compensation case is stating that your injury is not a workers' compensation injury. Counsel, if we accept your position, doesn't the road run both ways? Does your complaint allege that it is not a compensable injury? And therefore, would you be stopped in the workman's comp claim for moving forward? I apologize. Just to clarify, Your Honor, do you mean that I'm claiming it's not an accidental injury? In the complaint. The complaint says injury happened at work. The complaint says that plaintiff was put at an unreasonably risk of harm. The machine that plaintiff was operating was unreasonably safe. So would I be stopped from if my complaint remains dismissed? Would I be stopped from pursuing a workers' compensation case? Yes. As you argue, I'm looking for the complaint and I can't put my fingers on it. I know it's in the appendix somewhere. But did you allege in the complaint that this is not a compensable injury? What we alleged is it happened at work. It was due to negligence and or omissions of the employer. That would be the gist of the allegations we made in our complaint. We did not use the word compensable in our complaint. The only time you may use the word compensable, that this is a compensable personal injury case, is when we filed a motion to strike their motion to defense. Does that answer your question, Your Honor? Sort of. Ms. O'Hale, your time is up. You do have five minutes. I will reconvene. Thank you, Your Honor. Mr. Green, you may proceed. Thank you, Your Honor. May it please the court, counsel. I'm David Green. I present the appellee, Prairie Farms Dairy. The problem we have here is when you look at the four corners of the plaintiff's complaint, which is what you do when you file a 2-6-19 or consider a 2-6-19 motion, which Judge Reisinger correctly did, it's a workers' compensation pleading. Both counts of the complaint allege negligence against Prairie Farms Dairy. Paragraph 2 alleges the plaintiff was working on the premises of Prairie Farms Dairy. Paragraph 1 says the plaintiff was an employee of Prairie Farms Dairy. And it goes on to allege that because of a machine that the plaintiff was working on at Prairie Farms Dairy, he was injured, and the injury was to a body part, and that Prairie Farms needs to pay him. If the plaintiff proves every paragraph of the currently pending complaint, it's a workers' compensation case, as Judge Reisinger correctly pointed out when we had our 2-6-19 motion hearing. His statement was this is a garden variety workers' compensation case. This judicial estoppel, none of that's pled. The four exceptions to avoid the workers' compensation exclusivity, none of that is pled. If you look at the complaint, it's a straight-up workers' compensation case, and the danger of this proceeding is if the plaintiff's allowed to continue, we're going to have juries decide workers' compensation cases when the Illinois Workers' Compensation Act says that those issues are the exclusive province of the Workers' Compensation Commission. The defendant has never taken a contrary position in spite of what Mr. Sampson's attorney says. If you look at the pleadings, we have never said the Workers' Compensation Act doesn't apply to this case. As a matter of fact, we had a little discussion about procedure. The reason why the letter was written to Mr. Sampson's attorney explaining why benefits weren't being paid is because that's a requirement of the Workers' Compensation Act. Once benefits begin to be paid, and Mr. Sampson was paid for a period of time while this matter was being investigated, he was paid temporary toilettability benefits for a period of time, the act requires an employer to explain why benefits are being stopped, and that's what gave rise to the letter that I wrote to Mr. Sampson's attorney. And if you look at that letter, that letter tracks the holdings of the Saunders case, the Illinois Supreme Court case that discusses when an employee's actions can take the employee that's so egregious that the employee forfeits the rights under the act to be paid compensation. In other words, our position is this is a workers' compensation case, and whether our defense is correct or not is left to the province of the Workers' Compensation Commission. The defense of whether Mr. Sampson's actions were so egregious as to prevent him as a matter of public policy under the Illinois Supreme Court case of Saunders from recovering workers' compensation benefits is a question that's within the exclusive province of the Workers' Compensation Commission. It's instructive to look at how the mechanics of a workers' compensation trial takes place. There is a there's a pleading titled a request for hearing form, and that appears in the record at C67 and 68. It's a form that the Workers' Compensation Commission requires the parties to complete before a workers' compensation trial. The trial is held before an arbitrator under the Workers' Compensation Commission. Here's evidence, listens to witnesses. And if you look at the request for hearing form, which is the form which frames the issues for workers' compensation case, number two says Petitioner claims that on the above date he or she sustained accidental injuries or was last exposed to an occupational disease that arose out of and in the course of employment. That's a question for the commission. And that rises, that question is listed under section two of the Workers' Compensation Act.  And the employer here, Prairie Farms Dairy is the defendant, isn't saying that the Workers' Compensation Commission shouldn't decide that question. To the contrary, we've appeared for trial several times that has not taken place. We appeared for, as the record shows, we appeared for a pretrial before arbitrator Granada in Rock Island, Illinois, to discuss this very issue to get his thoughts on it. We have never taken the position that the Workers' Compensation Act doesn't apply. I may be wrong. The Workers' Compensation Commission might say to me after hearing all the evidence, we don't think that Mr. Sampson's actions were so egregious as to deny him compensation under Saunders. Well, if that's the case, then then my appellate path would be through the workers' compensation statute. But at no time have we taken the position that the act doesn't apply. To the contrary, we've been consistent with the position that this is a matter within the province, the exclusive province of the Workers' Compensation Commission. It's up to them to decide whether or not Mr. Sampson's actions are such that he, under Saunders and the case law interpreting section two of the Workers' Compensation Act, shouldn't be paid compensation. But you can't have a system where simply because the commission says under these facts, the employee doesn't get paid compensation, that you then allow a civil case to proceed against the employer. If you do so, then the exclusive remedy provision of the Workers' Compensation Act has no meaning. And every time an employee is injured at work but doesn't get paid benefits, then you're going to have cases where the employer is going to be hauled into civil courts. And that's something which Judge Rissinger recognized and properly denied or properly granted the motion to dismiss and dismiss the complaint. Again, if you look at the four corners of the complaint, there is nothing alleged about judicial estoppel. There is nothing alleged about the four exceptions to allow the employee to proceed. Without that, it is a garden variety, as Judge Rissinger correctly notes, it's a garden variety workers' compensation case that frames itself in a civil complaint. As far as if you look at FOLTA, what we're saying here is whether Mr. Sampson can recover or not doesn't mean that the workers' compensation exclusivity doesn't apply. That's the FOLTA case. And FOLTA says paragraph 23. These cases don't stand for the proposition that whether an injury is compensable is defined by whether there is an ability to recover benefits for a particular injury sustained by the employee, whether it's whether the type of injury categorically fits within the purview of the act. And that's what we're saying. But for Mr. Sampson's actions, this is a compensable case. And whether or not you can proceed and what you look at, whether or not the injury falls categorically into what the act would compensate. That's a recent case out of the first district. I didn't have time to decide. That's the McDonald biometric case where the first district had to consider is a injury for biometric violation of the Privacy Act of an employer violating the Privacy Act because of biometric actions, whether or not that's barred by the Work Comp Act. And the answer there was no, because it's not the type of injury which falls in the purview of the act. Under Saunders, the Illinois Supreme Court case of Saunders, this is the type of injury which falls within the purview of the act. And all we're saying is for this particular case, under these particular facts, under Saunders, the violation of the internal safety rules are such that the employee is denied compensation under the Workers' Compensation Act. It doesn't follow that simply because you're denied compensation under the Workers' Compensation Act, you should then be allowed to file a civil claim and have another bite at the apple. And that's not what we're saying here. Under Saunders, it says the rule is that where the violation of a rule or order of the employer takes the employee entirely out of the sphere of his employment and he is injured by violating such rule. It cannot then be said that the accident arose out of employment and compensation. It can't be recovered. But again, that's a determination under the Workers' Compensation Act. Under Saunders, what Saunders stands for is whether you meet the requirements under Section 2 of the Act, you as the employee, you as the claimant, that's up to the Workers' Compensation Commission. Either you do or you don't. And our position here is we've been waiting to try this case in front of the Workers' Compensation Commission ever since it's been filed. And we've never taken the position that the Workers' Compensation Commission shouldn't hear the claim. To the contrary. As you can see in the record, we filed pleadings and responses pursuant to the Workers' Compensation Act in response to Mr. Sampson's request for a trial and a request for a pretrial and even filed a motion for sanctions against us in the Workers' Compensation Commission that we responded to. But if you look at the pleadings, there's not one sentence that says the Workers' Compensation Act doesn't have jurisdiction to hear this claim. We have never taken that position. And Judge Reisinger looked at that. The complaint does not allege that either. Correct? Isn't this just a really narrow procedural point that the complaint does not allege that it falls beyond what is normally adjudicated in front of the Industrial Commission? She isn't alleging it's not compensable and she isn't alleging that it would not be adjudicated properly before the commission. That's correct, Your Honor. There is no allegation in the complaint as it presently stands that it doesn't fall within the purview of the act and it's not covered in the Workers' Compensation Act. And it's unlikely that she would amend the complaint to include that allegation because then judicial estoppel would prevent her from moving forward in the Workmen's Comp Forum. I would probably raise that, Your Honor, but it goes beyond that. There was in the underlying case that she filed in the civil court up until the time of the order by Judge Reisinger granting my 2619 motion, there was no motion for leave to amend. The complaint is the complaint. I understand that. But you're right. If this proceeds and we get to a jury, and I frame my jury instructions based on this complaint, I'm going to ask a jury whether or not this is a work comp case. It doesn't belong here, and, quite frankly, the Workers' Compensation Commission is able and, quite frankly, is the proper body to determine these issues. And that's what the Saunders Court recognizes that and creates this defense that I've raised. Whether or not my defense is accurate or valid, I have to wait for determination from the commission. But that's where it should be decided. Judge Reisinger's order is correct and should be affirmed, and I ask that it be affirmed. Thank you, Your Honor. Thank you, Mr. Green. Do we have any other questions for Mr. Green? Ms. O'Hale, you have five minutes to reply. Thank you, Your Honor. Your Honor, I know that counsel made some remarks and points about TDD being paid, a pretrial being held. I just would like to point out there is no record of a pretrial. There is no record of any TDD payment, so I would request that the court please ignore that as those two were not on record. With regards to – I know counsel is brief and currently argues, well, you didn't plead exclusive remedy in the complaint. Why should I plead exclusive remedy in the complaint? I'm pleading a cause of action for injuries that my client sustained due to negligence of his employer. There is nothing that states that I have to plead the exceptions of exclusive remedy. I only did that when exclusive remedy was brought in a motion to dismiss. I pleaded that in motion to strike. On the same token, counsel is arguing you didn't plead judicial estoppel in the complaint. How am I going to plead judicial estoppel in the complaint? I didn't know counsel was going to go ahead and take a contrary position. I can only plead judicial estoppel if a person has taken contrary position. I'm saying you're judicially stopped from taking this position now because you have taken an inconsistent position at a prior time. I didn't plead it because there was no inconsistent position, and frankly speaking, I didn't expect them to file a motion to dismiss now saying, hey, your injuries did arise out of and was during the course of his employment. Again, I want to focus on the FOLTA case. The FOLTA case only discusses when it talks about is it the kind of the injury that would fall within the purview of the act. FOLTA case clearly says it is only for the fourth category, and the fourth category being is the injury compensable under the workers' compensation act. The FOLTA case holding to determine if the injury falls within the purview of the act does not apply to the first, second, and third exception, which is, did the injury, was injury accidental? If it's not, exclusive remedy does not apply. If it didn't happen in the course of the employment, exclusive remedy doesn't apply. If it didn't arise out of the course of the employment, exclusive remedy does not apply. And clearly, we have the second and the third exception of the exclusive remedy met by respondents on admission indicating it did not happen during the course of the employment. It did not arise out of the course of the employment. I know counsel also brought Sanders case a few times, but if you take counsel's position that the actual accident did take plaintiff out of the scope of the employment and the course of the employment, then Sanders case would only support our position indicating that I can go ahead and file this common law action because exclusive remedy doesn't bar me because a safety violation of that kind, which the respondent is relying on, is so egregious in nature that it can be compensable under the workers' compensation act. There is no question about whether the workers' compensation has jurisdiction in this case or had jurisdiction. Our argument and our issues that we are raising today basically sums up to there is no law that says I cannot file a complaint when a workers' compensation is pending. There is no law that says I cannot file a civil case if the workers' compensation case is still pending. The only law that says the exclusive remedy says you can only, if you have received benefit under workers' compensation act, you cannot receive benefits in a common law cause of action. Based on that, Your Honor, I would request a reversal of our judges' opinion. Thank you, Your Honor. Thank you. Thank you both for your arguments here today. This matter will be taken under advisement and a written decision will be issued to you as soon as possible. With that, I would like to thank you both for participating today via Zoom, via electronic means. We appreciate it. We appreciate your effort. Thank you very much.